X___ FILED          _____ RECEIVED
_____ ENTERED    _____ SERVED ON
                    COUNSEL/PARTIES OF RECORD

APR 25, 2024

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:_____DEPUTY

1  JASON M. FRIERSON
   United States Attorney
2  District of Nevada
   Nevada Bar No. 7709
3

4  R. THOMAS COLONNA
   Assistant United States Attorney
5  501 Las Vegas Blvd. So., Suite 1100
   Las Vegas, Nevada 89101
6  (702) 388-6336
7  Richard.Colonna@usdoj.gov
   *Attorneys for the Federal Defendant*

8
                **UNITED STATES DISTRICT COURT**
9                    **DISTRICT OF NEVADA**

10  Marilyn Bitisillie,                    Case No. 3:23-cv-00545-CLB

11             Plaintiff,

12       v.                                **Order Granting Unopposed Motion
                                            for Exception from Attendance
13  Debra Haaland,                          Requirements for Early Neutral
                                            Evaluation (Zoom Video Conference)**
14             Defendant.

15

16       Defendant Debra Haaland, in her official capacity as Secretary of U.S. Department

17  of the Interior ("Federal Defendant"), moves for an exception from the requirements, as

18  applicable, that the early neutral evaluation by video be attended by all parties and by a

19  representative any insurance carrier with authority to settle the matter up to the full amount

20  of the claim. *See* Order at 2:14-21, ECF No. 13. Undersigned defense counsel has consulted

21  with Plaintiffs' counsel, who advises that he does not object to the exception requested

22  herein, namely, that the Federal Defendant be permitted to participate in the settlement

23  conference via the video attendance of undersigned defense counsel, AUSA R. Thomas

24  Colonna, with a representative of the Bureau of Indian Affairs ("BIA") available by phone.

25  There is no liability insurance carrier involved in this matter.

26  ///

27  ///

28  ///

## I.  Introduction

This is an age and gender discrimination case brought by Plaintiff Marilyn Bitisille against her former supervisor, Robert Eben, and the Agency Bureau of Indian Affairs ("BIA") of the U.S. Department of the Interior, for which she still works as a Branch Chief of the Self Determination Office.

## II.  Points and Authorities

The federal government is unlike other litigants in terms of geographic breadth, nature of issues, and number of cases. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984). The authority to settle most civil cases against the government rests with varying management personnel within the local United States Attorney's Office or at the Department of Justice ("DOJ") headquarters, depending on the dollar amount and the concurrence of the client agency. *See* 28 C.F.R. § 0.168(a); 28 C.F.R. Part 0, Subpart Y, Appendix.

As the advisory committee recognized, "[p]articularly in litigation in which governmental agencies . . . are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16 advisory committee's note (1993 amendment, subdivision (c)). Additionally, a district court can consider alternative methods of participation, such as via telephone. *See United States v. U.S. Dist. Court*, 694 F.3d 1051, 1061 (9th Cir. 2012).

The United States Attorney's Office understands the importance of ENEs, settlement conferences, and other alternate dispute resolution techniques in resolving civil cases. This office has participated in many of them, in good faith, and consistent with the authority set forth in the applicable regulations.

Recommendations (through the respective DOJ and client agency chains of command) regarding any particular settlement proposal in this case will originate with the undersigned AUSA and assigned BIA attorney.

1    Based on the reasons and circumstances above, the Federal Defendant respectfully

2    requests exception from the Order's requirements of attendance by a representative via

3    video with binding settlement authority. In lieu of such requirements, the undersigned

4    AUSAs would attend via video and participate, while a BIA representative would be

5    available by phone.

6                              **III.  Conclusion**

7    Based on the reasons and circumstances above, the United States respectfully

8    requests that the Court grant this motion so as to allow AUSA Colonna to participate in

9    the early neutral evaluation via video, with a BIA representative available by phone, in lieu

10   of the video attendance requirements otherwise set forth in the Order, ECF No. 13.

11   Respectfully submitted this 25th day of April, 2024.

12                                        JASON M. FRIERSON
                                          United States Attorney
13
                                           /s/ R. Thomas Colonna
14                                        R. THOMAS COLONNA
                                          Assistant United States Attorney
15

16

17                        **IT IS SO ORDERED:**

18

19

20                        _____
                          **UNITED STATES MAGISTRATE JUDGE**
21
                          **DATED:**    April 25, 2024
22

23

24

25

26

27

28