**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MARILYN BITISILLIE,<br>Plaintiff,<br>v.<br>DEBRA HAALAND, *et al.*,<br>Defendant. | Case No. 3:23-CV-00545-CLB<br>**ORDER RE BILL OF COSTS**<br>[ECF No. 40] |

Defendant Debra Haaland ("Haaland") filed a Bill of Costs requesting $6,448.23 for deposition transcripts. (ECF No. 40.) Plaintiff Marilyn Bitisillie ("Bitisillie") objected to the entire sum, requesting the Court enter an order that Haaland "takes nothing by the Bill of Costs." (ECF No. 41.) Haaland responded, arguing Bitisillie's objections should be disregarded because her claims were "unreasonable and meritless." (ECF No. 42.) For the reasons stated below, Bitisillie's objections are overruled and Haaland's Bill of Costs is awarded in the amount requested.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs−other than attorney's fees−shall be allowed to the prevailing party." The Court has discretion to refuse to award costs, but "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The Court must specify reasons for refusing to tax costs to the losing party, but does not need to specify reasons if the Court "abide[s] the presumption and tax costs to the losing party." *Id.* at 945. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the

parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). This is not an exhaustive list, "but rather a starting point for analysis." *Id.* (citing *Ass'n of Mexican-American Educ. v. State of Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc)).

The court may tax the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court's Local Rule 54-6 allows taxation of the "cost of copies of an exhibit necessarily attached to a filed document," but disallows the "cost of copies obtained for an attorney's own use."

## II. DISCUSSION

Bitisillie argues no costs should be awarded because she is retired and on a fixed income. (ECF No. 41.) Costs "are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1248 (9th Cir.2014). Generally, however, even "a plaintiff proceeding *in forma pauperis* is not protected from the taxation of costs to which a prevailing [party] is entitled." *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir.1994). The only evidence she provides is a declaration from her counsel, stating that "I am aware that plaintiff Marilyn Bitisillie has retired[.]" (ECF No. 41 at 7.)

However, this does not actually allege – much less establish through evidence – that Bitisillie is indigent or would be rendered indigent if she was forced to pay the amount. Rather, this declaration only states that she is on a fixed income. Thus, Bitisillie has not established that she is or would be rendered indigent based on the assessment of costs in this case. *See e.g., TerryBerry v. Liberty Mut. Fire Ins. Co.*, 2015 WL 5673496, at *2 (D. Nev. Sept. 3, 2015), *report and recommendation adopted*, 2015 WL 5682694 (D. Nev. 23, 2015) ("An inadequate showing of indigence will not shield a plaintiff from his or her obligation to pay costs."); *Thomassoon v. FGC Servs. Ltd. P'Ship*, 2007 WL 3203037, at *4 (S.D. Cal. Oct. 29, 2007) (holding that courts need not reduce an award of costs based on indigency "absent substantial documentation of a true inability to pay").

As to the propriety of the costs themselves, judgment was entered in favor of Haaland in this case after the Court granted summary judgment in favor of Haaland on

all claims. (ECF Nos. 38, 39.) Thus, Haaland is the prevailing party. Haaland seeks the costs for getting deposition transcripts for the depositions of Norma Moyle, Marlys Hubbard, Bitisillie, Mildred Garcia, Michael Garcia, Robert Eben, and Rachel Larson. (ECF No. 40-1 at 2.) Portions of each of these transcripts were attached as exhibits to Haaland's motion for summary judgment. (ECF Nos. 29, 29-3 (Bitisillie), 29-4 (Eben), 29-5 (Michael Garcia), 29-6 (Hubbard), 29-7 (Moyle), 29-8 (Mildred Garcia), 29-9 (Larson).) Haaland utilized each of these transcripts in the motion for summary judgment itself. (*See* ECF No. 29.) Haaland also provides an itemized breakdown of the transcript costs and the invoices for each transcript to support those costs, as required by LR 54-6. (ECF Nos. 40-1, 40-2, 40-3, 40-4, 40-5, 40-6, 40-7.)

Based on the above, the Court finds that Haaland's requested costs are properly submitted and Bitisillie has not established that she is or will be rendered indigent based on the assessment of costs in this case. Therefore, Bitisillie's objections to the cost amount is denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Bitisillie's objections to Haaland's Bill of Costs, (ECF No. 41), is **OVERRULED**.

**IT IS FURTHER ORDERED** that Holland's Bill of Costs, (ECF No. 40), be awarded for the full amount of **$6,448.23**.

**IT IS SO ORDERED**.

**DATED**: October 5, 2026.



**UNITED STATES MAGISTRATE JUDGE**